[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 27, 2010
JOHN LEY
ACTING CLERK

No. 09-12497
Non-Argument Calendar

_____

D. C. Docket No. 98-00190-CR-01-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUINTON GARDNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 27, 2010)

Before EDMONDSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Quinton Gardner appeals his sentence of 18 months of imprisonment for

violating the terms of his supervised release. 18 U.S.C. § 3583(e)(3). Gardner argues that his sentence is substantively unreasonable because it was imposed consecutively to his 151-month sentence for a bank robbery that was used to revoke his supervised release. We affirm.

In 1998, Gardner pleaded guilty to two counts of bank robbery. 18 U.S.C. § 2113(a). The district court sentenced Gardner to 66 months of imprisonment followed by 36 months of supervised release. On October 20, 2005, Gardner was released from prison, and in early December 2005, he robbed two banks.

The government petitioned to revoke Gardner's supervised release. The government alleged that Gardner violated three conditions of his release: Gardner failed to participate in mental health counseling and take his medication; he failed to report to his probation officer within 72 hours after he was released from prison; and Gardner had been arrested for robbing two banks.

Gardner was indicted for two counts of bank robbery and assault with a dangerous weapon during the robberies. Id. §§ 2113(a), (d). Gardner later pleaded guilty to one count of unarmed bank robbery. Id. § 2113(a). The district court sentenced Gardner to 151 months of imprisonment.

At a revocation hearing, Gardner admitted violating the three conditions of his supervised release. The district court advised Gardner that he faced a sentence

2

between 18 and 24 months of imprisonment, and Gardner requested that the court run his sentence concurrent with his sentence of 151 months of imprisonment. Gardner denied robbing the bank, argued no physical evidence tied him to the crime, and asked the district court to "drop[]" his conviction to "panhandling."

The district court stated it was concerned about "what to do with [Gardner] because [he] couldn't be trusted to be on supervised release." The court expressed frustration with Gardner's "immediate" commission of another bank robbery and his denial of guilt, and stated there was a need to satisfy the "goal of incapacitation." The district court sentenced Gardner to 18 months of imprisonment "to follow the sentence imposed in the bank robbery case."

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). "'The reasonableness of a final sentence is reviewed only for an abuse of discretion.'" United States v. Docampo, 573 F.3d 1091, 1096 (11th Cir. 2009) (quoting United States v. Williams, 526 F.3d 1312, 1321 (11th Cir. 2008)). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The district court did not abuse its discretion by ordering that Gardner's

3

sentence for violating his supervised release run consecutive to the term imposed for the bank robbery.  Although Gardner had pleaded guilty to bank robbery, he denied his guilt at his revocation hearing.  The district court reasonably concluded that a sentence of 169 months of imprisonment was necessary to deter Gardner from future similar crimes, reflect the seriousness of his offenses, promote respect for the law, and provide a just punishment.  See 18 U.S.C. §§ 3553(a); U.S.S.G. § 7B1.3(f); Gall v. United States, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007). Gardner complains that the district court "placed too much emphasis on incapacitation," but "'we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quoting United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006)).  Gardner's sentence is reasonable.

Gardner's sentence is **AFFIRMED**.

4